

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable E.Y. Cunningham
County Auditor
Navarro County
Corsicana, Texas

*See Art 3 sec 52 e*
*2 gov constitution*

Dear Sir:

Opinion No. 0-2951
Re: Navarro County is not liable for
hospitalization and doctor bills
of constable under facts stated
and such bills could not be legal-
ly considered as expenses of
office.

Your request for opinion has been received and
carefully considered by this department. We quote from your
request as follows:

"Please give us a ruling on this matter.

"A constable on a fee basis was weighing
trucks on the State Highway with one of the
State weight men and during the weighing of
the trucks he stepped out on the highway and
was hit by an on-coming automobile and hurt.

"Would the county be liable for his hos-
pitalization and doctor bills or would he be
allowed to put the hospital and doctor bills
on his annual report as expense of office and
deduct same from his year's earnings?"

Section 51, Article 3, of our State Constitution,
in part declares:

"The Legislature shall have no power to
make any grant or authorize the making of any
grant of public money to any individual, asso-
ciation of individuals, municipal or other
corporations whatsoever...."

Honorable E.Y. Cunningham, Page 2

Section 52, Article 3 of our State Constitution, declares:

"The Legislature shall have no power to authorize any county, city, town or other political corporation or subdivision of the State to lend its credit or to grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever."

Section 53, Article 3 of our State Constitution, declares:

"The Legislature shall have no power to grant, or to authorize any county or municipal authority to grant, any extra compensation, fee or allowance to a public officer, agent, servant or contractor, after service has been rendered, or a contract has been entered into, and performed in whole or in part; nor pay nor authorize the payment of, any claim created against any county or municipality of the State, under any agreement or contract, made without authority of law."

It is fundamental law that the commissioners' court is a court of limited jurisdiction and has only such powers as are conferred upon it by the Constitution and statutes of this State. Howard, et ux vs. Henderson County, et al, 116 SW (2d) 479.

Opinion No. 0-779 of this department holds that neither the county nor the road precincts of the county have authority to carry employer's liability insurance for the protection of road workmen of the county.

Opinion No. 0-2136 of this department deals with the question of whether or not the commissioners' court has the right and authority to pay a claim for damages resulting from the death of an employee of the county in a collision while on his way to work for the county. The opinion holds that the commissioners' court cannot legally pay the claim.

Opinion No. 0-1967 of this department holds that the commissioners' court may not legally expend county funds

Honorable E.Y. Cunningham, Page 3

for the hospitalization of a Deputy Sheriff shot while in line of duty.

Opinion No. 0-2473 of this department holds that the county is not liable for personal injuries of read hands received while employed by the county.

We are enclosing herewith copies of the above mentioned opinions for your convenience.

Article 3899(a), Vernon's Annotated Civil Statutes of Texas, deals with the expense accounts of fee officers. The case of State vs. Carnes, 106 SW (2d) 397, in construing said article as amended in 1933, held that the expenses, other than those expenditures in connection with automobiles, which an officer is authorized to claim as deductions, are limited to stationery, stamps, telephone, traveling expenses, and other similar necessary expenses, the rule of ejusdem generis being applied to qualify the general language by the specially enumerated items and to restrict its meaning to expenses of the same kind and character.

In view of the foregoing authorities you are respectfully advised that it is the opinion of this department:

1. The county is not liable for such hospitalization and doctor bills and the commissioners' court is without authority to expend county funds for the payment of same.

2. Such hospital and doctor bills cannot be legally considered as "expenses of office" and cannot be legally deducted as such by the constable.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:AW

ENCLOSURE

APPROVEDDEC 11, 1940

ATTORNEY GENERAL OF TEXAS

